UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FIRST BAPTIST CHURCH OF WATAUGA TEXAS, <br> Plaintiff <br> v. <br><br> CHURCH MUTUAL INSURANCE COMPANY S.I. <br> Defendant | § § § § § § § § § § § <br><br> No. 4:22-cv-00185 |

## PLAINTIFF'S AMENDED COMPLAINT

FIRST BAPTIST CHURCH, WATAUGA TEXAS files this Amended Complaint for damages against CHURCH MUTUAL INSURANCE COMPANY, S.I. for breach of an insurance contract, bad faith and violations of Texas Deceptive Trade Practices Act and the Texas Insurance Code and in support hereof would show the Court and Jury:

### I.

### PARTIES

1. FIRST BAPTIST CHURCH WATAUGA TEXAS ("Plaintiff" or "FBC") is a Texas non-profit Corporation with a principal place of business in Tarrant County, Texas.

2. Defendant CHURCH MUTUAL INSURANCE COMPANY, S.I. ("Defendant") is a foreign insurance company that is engaged in the business of insurance in Texas. Defendant has been served and answered herein.

## II.

## JURISDICTION AND VENUE

3.   Defendant removed this action based on diversity of citizenship under 28 U.S.C. §1332, and Plaintiff has not challenged the Court's subject matter jurisdiction.

4.   Venue is proper under 28 U.S.C. §1446, as this action was pending in Tarrant County, Texas at the time of its removal by Defendant, and Defendant has not challenged the existence of personal jurisdiction or the propriety of venue.

5.   Venue is also proper in this District and Division based on 28 U.S.C. §1391(b) in that the property that is the subject of this action is situated in this District and Division.

## III.

## FACTUAL BACKGROUND

6.   Plaintiff owns and operates a church located at 6124 Plum Street, Watauga, Texas 76148 (the "Property").

7.   The Property was insured by Defendant during all periods relevant hereto and for at least 10 years prior to the dates of loss.

8.   The Property was hit by a severe wind and hailstorm on or about April 27, 2020 when Defendant's Policy was in effect. Toward the end of 2020, Plaintiff started to notice some leaks into the building from the roof. A claim was made by Plaintiff on or about February 23, 2021. From the very outset, Defendant failed to adhere to the deadlines set forth in Texas Insurance Code §542.051, requested information that was not relevant to the loss, misrepresented the terms of the policies and engaged in a sham "investigation" of Plaintiff's Property which was designed to deny the claim.

9. Defendant failed to even address the merits of the claim until June 9, 2021 when an adjuster, Marcus Edwards, sent a letter advising that Defendant had "investigated and analyzed" the claim. In this letter, Defendant acknowledged "hail damage to multiple slopes on the Church roof." However, Defendant, without any basis, stated that the interior damage was the result of cracking of the roof surface that was "the result of age, wear and tear and deferred maintenance and are not related to a covered cause of loss." This statement directly contradicts Defendant's own acknowledgement of hail. In addition, Defendant misrepresents "wear and tear and improper maintenance" as silver bullet causes for denial in direct contravention of the express terms of the Policy as well as Texas law.

10. Defendant hired a "building consultant," G4S Compliance & Investigations ("G4S'), to inspect the Property. G4S did not even conduct an inspection until June 24, 2021 and did not prepare an estimate until August 7, 2021. G4S's estimate stated that the cost to repair the damage was $334,490.86 (RCV) and $273,748.25 (ACV). On or about August 12, 2021, Jody Ament, an adjuster for Defendant approved the G4S estimate. Defendant later disavowed the competency of G4S and the scope of damage provided by G4S. Defendant was not about to pay anywhere near that amount.

11. On August 31, 2021, more than 6 months after acknowledging receipt of the claim in February of 2021 Defendant notified Plaintiff that "an additional 30 days are required to complete our investigation." Plaintiff grew frustrated with Defendant's delay and hired a public adjuster to assist with the Claim. Plaintiff's public adjuster provided Defendant with additional information that had been requested by Defendant even though the claim was more than 6 months old and Defendant was already armed with sufficient facts to pay Plaintiff's Claim. For example, Plaintiff's public adjuster provided multiple photographs showing the condition of the roofs and

insulation; met with Defendant's consultants at the Property; and provided a comprehensive estimate and "proof of loss" as required by Defendant. None of this was sufficient for Defendant. In fact, Defendant was so intent on refusing to pay Plaintiff's claim it disavowed the competency of Defendant's own hand-picked "building consultant" and stated that it would only be responsible for code upgrades if the City of Watauga actually enforced the code, thus putting Plaintiff in the position of appearing to violate such codes if they were not to be "enforced." Plaintiff provided Defendant with a Sworn Proof of Loss and accompanying estimate on September 7, 2021. Defendant continued to state that the proof of loss was insufficient, thus continuing its pattern of bad faith. By letter dated September 13, 2021 Defendant requested items which had no bearing on its evaluation of the claim including "documentation showing enforcement of ordinance/law/code at the subject building; documentation showing the age of the building components as damaged by the wind/hail event; and tax records for the last 3 years showing building valuation, repairs and depreciation of the property."

12. Defendant engaged in acts that were solely designed to deny Plaintiff's legitimate claim. In denying Plaintiff's legitimate, covered claim, Defendant failed to abide by the Prompt Payment of Claims time limits set forth in Texas Insurance Code.

13. Plaintiff provided Defendant with information sufficient to adjust and pay for the loss. In spite of the information presented by Plaintiff and the information obtained from any reasonable investigation, Defendant continued to deny the claim without any reasonable basis.

### IV.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT

14. Plaintiff contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit. As part of the contract for insurance, Plaintiff paid the

Defendant premiums as required under the terms of the Policy. Defendant agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting in a Covered Cause of Loss." The damage to the Plaintiff's Property was the type covered by the contract for insurance.

15. Defendant breached the contract for insurance in one or more of the following ways:

   (a) Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;
   (b) Failing to provide a reasonable explanation of the basis for denying the claim; and
   (c) Failing to promptly and equitably pay the claim once liability had become reasonably clear.

16. This breach of contract by the Defendant is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## V.

## SECOND CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

17. From and after the time the Plaintiff's claim was presented to Defendant, Defendant's liability to pay the claim in accordance with the terms of the Policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendant refused to accept the claim and pay Plaintiff.

18. At that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, Plaintiff will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

19. Consequently, Defendant breached their duty to deal fairly and in good faith with the Plaintiff. Defendant's breach was a proximate cause of the losses, expenses, and damages suffered

by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

20. Plaintiff seeks exemplary damages in an amount to be assessed by the trier of fact caused by Defendant's bad faith.

## VI.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES

21. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

22. Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code. Specifically, Defendant:

(a) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b) represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(c) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(d) failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23. Unconscionable Action or Course of Action. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by

Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

## VII.

### FOURTH CAUSE OF ACTION
### VIOLATIONS OF THE TEXAS INSURANCE CODE SECTION 541

24. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code. Specifically, Defendant:

(a) misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b) failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant's liability had become reasonably clear; and/or

(c) failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant's denial of a claim or offer of a compromise settlement of a claim.

(d) refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

25. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

26. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## VIII.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

27. Defendant violated Section 542 of the Texas Insurance Code as follows:

a. Defendant failed to timely acknowledge receipt of Plaintiff's claim (Section

542.055(a)(1));

b. Defendant failed to timely commence an investigation into the claim or to request from Plaintiff any additional items, statements, or forms that Defendant reasonably believed to be required from Plaintiff (Section 542.055(a)(2)-(3))

c. Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Defendant (Section 542.056(a));

d. Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

28. Each of the acts above were done knowingly and were a producing cause of Plaintiff's damages. In addition, Defendant is liable for statutory interest penalties and attorney's fees under Texas Insurance Code Section 542.060.

## IX.

## CONDITIONS PRECEDENT

29. By letter dated November 11, 2021, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 et seq. All other conditions precedent to filing suit have been met, including Plaintiff's payment of the insurance premium to Defendant.

## X.

## AMBIGUITY

30. The Policy in place at the time of the events made the basis of this suit contained patent and latent ambiguities concerning the terms of the policy. In addition, the Policy contained patent and latent ambiguities concerning the terms of the Policy governing the Plaintiff's duties after a loss.

## XI.

## WAIVER AND ESTOPPEL

31. Defendant has waived or is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XII.

## AGENCY

32. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

33. Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## XIII.

## JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff herein requests a jury trial.

## IX.

## PRAYER

35. For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for:

(a) Actual damages;

(b) Reasonable and necessary attorney's fees;

(c) Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations:

(d) Pre-judgment and post-judgment interest as allowed by law;

(e) Costs of court;

(f) All other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950
tim@hochlawfirm.com

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to the Defendant's counsel of record, in accordance with the Federal Rules of Civil Procedure this 29th day of April, 2022.

/s/ Tim Hoch
TIM HOCH